

**FILED**
September 19, 2022 04:39 PM
SX-2022-CR-00128
**TAMARA CHARLES**
**CLERK OF THE COURT**

### IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

PEOPLE OF THE VIRGIN ISLANDS,

                    **Plaintiff,**

        vs.

TIMOTHY PEREZ,

                    **Defendant.**

SX-2022-CR-128

CITE AS: 2022 VI SUPER 81

**Appearances:**

**William A. Appleton, Jr., Esq.**
Virgin Islands Department of Justice
St. Croix, U.S. Virgin Islands
*For Plaintiff*

**Ramiro Orozco, Esq.**
Office of the Territorial Public Defender
St. Croix, U.S. Virgin Islands
*For Defendant*

## <u>MEMORANDUM OPINION AND ORDER</u>

**WILLOCKS, Administrative Judge**

¶ 1    **THIS MATTER** came before the Court on Defendant Timothy Perez's (hereinafter "Defendant") motion to dismiss, filed on June 17, 2022. In response, the People of the Virgin Islands (hereinafter "People") filed an opposition.

### BACKGROUND

¶ 2    On May 27, 2022, the People filed an information against Defendant for the events that allegedly took place on or about May 7, 2022 as set forth in the affidavit of Detective Salim Ross of the Virgin Islands Police Department, dated May 27, 2022. The information charged Defendant with the following counts: Count I-murder in the first degree, in violation of Title 14 V.I.C. §

922(a)(1); Count II-assault in the first degree, in violation of Title 14 V.I.C. § 295(1); Count III-assault in the third degree, in violation of Title 14 V.I.C. § 297(a)(2); Count IV-reckless endangerment in the first degree, in violation of Title 14 V.I.C. § 625(a), Count V-unauthorized possession of a firearm during a crime of violence; Count VI-discharging or aiming firearms, in violation of Title 23 V.I.C. § 479(a); and Count VII-possession of ammunition, in violation of Title 14 V.I.C. § 2256(a).

¶ 3     On July 20, 2022, Defendant filed this instant motion to dismiss Count II and Count III "[p]ursuant to Rule 12(b)(3)(B)(ii) of the Virgin Islands Rules of Criminal Procedure, in violation of 14 V.I.C. § 104, 14 V.I.C. § 295(12), the Fifth, Sixth and Fourteenth Amendments to the United State Constitution." (Motion 1.)

¶ 4     On August 31, 2022, the parties appeared before the Court for oral arguments on the motion to dismiss.

## STANDARD OF REVIEW

¶ 5     Rule 12(b)(3)(B) of the Virgin Islands Rules of Criminal Procedure allows a party to challenge the defect in the charging document, such as "charging the same offense in more than one count (multiplicity)." V.I. R. CRIM. P. 12(b)(3)(B)(ii). "Multiplicity occurs when an information charges a single crime in several different counts." *People of the V.I. v. Colon*, 60 V.I. 149, 158 (V.I. Super. Ct. 2014). "'[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" *People v. Vergile*, 50 V.I. 127, 134-35 (V.I. Super. Ct. Nov. 13, 2008) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

¶ 6    Most cases involving the issue of multiplicity focus on whether a defendant has been punished in multiple ways for committing the same criminal act or offense in violation of Title 14 V.I.C. § 104[1] or the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. *Id.* However, there are also cases involving the issue of multiplicity based on multiplicitous charges in an information or indictment, which raises other significant concerns. *Id.*, 60 V.I. at 158-59. "In particular, a multiplicitous charge may leave a prejudicial impression on a jury at the commencement of trial that a defendant is alleged to have committed several crimes when, as a matter of law, he or she is only being accused of committing one crime." *Id.*, 60 V.I. at 159. When determining the appropriate remedy for multiplicitous charges in the information—to wit, "whether it is proper to leave the charges in place and exercise the appropriate remedy should the need arise at sentencing, or whether the Court should proactively dismiss or consolidate the charges"—"[t]his decision should be made on a case-by-case basis, considering such factors as judicial economy, risk of prejudice, the totality of the charges against the defendant, and the severity of those charges." *People of the V.I. v. Pringle*, 2021 V.I. LEXIS 74, ¶ 25 (V.I. Super. Ct. Sept. 22, 2021).

## DISCUSSION

¶ 7    In his motion, Defendant argued that Count II and Count III should be dismissed. Defendant made the following assertions in support of his argument: (i) The information charged Defendant with, inter alia, murder in the first degree, assault in the first degree, and assault in the third degree and "alleges that all these acts occurred and arise from a singular event with a common

---

[1] Title 14 V.I.C. § 104 provides that "[a]n act or omission which is made punishable in different ways by different provisions of this Code may be punished under any of such provisions, but in no case may it be punished under more than one" and "[a]n acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." Title 14 V.I.C. § 104.

nexus." (Motion 2); (ii) "[B]y not dismissing Counts 2 and 3, pursuant to Rule 12(b)(3)(B)(ii) V.I. R. CRIM. P. and in violation of 14 V.I.C. §104, 14 V.I.C. §295(12) [sic], the Fifth, Sixth and Fourteenth Amendments to the United State Constitution in that it would: create a prejudicial impression on a jury at the commencement of trial... [and] create a danger that the Defendant may receive more than one sentence for a single offense..." (Id.); (iii) "Multiplicity occurs when an information charges a single crime in several different counts."[2] (Id.); (iv) "A review of 14 V.I.C. §295(12) [sic] clearly states that in a similar matter where a defendant was convicted of 'second-degree murder' the subsequent convictions of "first-degree assault under 14 V.I.C. §295(1) and third-degree assault under 14 V.I.C. §297(2) violated the Double Jeopardy Clause and 14 V.I.C. §104..."[3] (Id.); and (iii) "The, '...test for determining whether the same act or transaction constitutes two offenses or only one is whether conviction under each statutory provision requires proof of an additional fact which the other does not'[4] [and] [t]he fact that the respective Count Two, Count Three and Count [sic] allege the same acts, on the same date, against the same victim, means that multiplicity has occurred." (Id., at 3.) At the August 31, 2022 hearing, Defendant expanded on his arguments.[5]

¶ 8     In their opposition, the People argued that Count II and Count III should not be dismissed. The People made the following assertions in support of their argument: (i) "Count 2 and Count 3 in this Information both require proof of an element not required in the other." (Opp. 2); (ii) "Count

---

[2] Defendant referenced: *People of the V.I. v. Colon*, 60 V.I. 149, 158 (2014).

[3] Defendant referenced: Title 14 V.I.C. § 295(12) citing *Williams v. People of the Virgin Islands*, 56 V.I. 821 (V.I. 2012).

[4] Defendant referenced: *United States v. Buchanan*, 485 F.3d at 278 & n.7, citing *United States v. Reedy*, 304 F.3d 358, 363 (5th Cir. 2002) (quoting *United States v. Nguyen*, 28 F.3d 477, 482 (5th Cir.1994).

[5] At the August 31, 2022 hearing, the Court inquired into the issue of the separation of power between the judicial functions and the prosecutorial functions. In response, Defendant advised that this was not raised in his motion and he was not prepared to argue this issue.

2 requires the intent to commit murder" and the "[i]ntent to commit murder is not an element necessary to prove Count 3." (Id., at 4); and (iii) "Count 3 requires the defendant assaults another with a deadly weapon, an element not required to prove Count 2." (Id.) At the August 31, 2022 hearing, the People opposed Defendant's motion to dismiss and expanded on their arguments.

¶ 9 The Court must note at the outset that Defendant's arguments in his motion to dismiss Count II (first-degree assault) and Count III (third-degree assault) were perfunctory and made without any analysis as to how Count II and Count III are multiplicitous charges of Count I (first-degree murder) and no citations to any supporting authority thereto. In fact, the lack of analysis misled the People to oppose Defendant's motion to dismiss Court II and Count III by arguing that Court II and Count III are not multiplicitous charges of each other, rather than Count I, and should not be dismissed since "both require proof of an element not required in the other." (Opp. 2.) Nevertheless, given that the parties appeared for oral arguments on August 31, 2022, the People had the opportunity to address Defendant's arguments that Count II and Count III should be dismissed because they are multiplicitous charges of Count I. Defendant is reminded to be more diligent and thorough with his motion practice. *See Antilles Sch., Inc. v. Lembach*, 64 V.I. 400, 428 n.13 (V.I. 2016) ("[T]here is absolutely no basis in any of this Court's precedents for the proposition that attorneys are not required to fully brief all questions of law relevant to the issues that are being litigated...").

## 1. Whether Count II and Count III are multiplicitous charges of Count I

¶ 10 Count I charged Defendant with the offense of murder in the first degree—to wit, Defendant "acting with malice aforethought, did willfully, deliberately and with premeditated design, kill Sean Joseph, by shooting him in violation of Title 14 V.I.C. § 922(a)(1)," Count II charged Defendant with the offense of assault in the first degree—to wit, Defendant "with intent

to commit murder, did assault Sean Joseph, by shooting him, in violation of Title 14 V.I.C. § 295(1), and Count III charged Defendant with assault in the third degree—to wit, Defendant "did assault Sean Joseph with a deadly weapon, by shooting him with a firearm, in violation of Title 14 V.I.C. § 297(a)(2)." (Information.) Title 14 V.I.C. § 922(a)(1) provides that "[a]ll murder which is perpetrated by means of poison, lying in wait, torture, detonation of a bomb or by any other kind of willful, deliberate and premeditated killing… is murder in the first degree"; Title 14 V.I.C. § 295(1) provides that "[w]hoever, with intent to commit murder, assaults another" commits first-degree assault; Title 14 V.I.C. § 297(a)(2) provides that "[w]hoever, under circumstances not amounting to an assault in the first or second degree—assaults another with a deadly weapon" commits third-degree assault. In *Woodrup v. People of the V.I.*, the Virgin Islands Supreme Court acknowledged that first-degree assault and third-degree assault are lesser included offenses of first-degree murder. 63 V.I. 696, 710 (V.I. 2015) ("[T]his evidence [that support Woodrup's conviction for first-degree murder] was also sufficient to support Woodrup's convictions for second-degree murder, first-degree assault, and third-degree assault, which are all lesser-included offenses of first-degree murder. Since these crimes are lesser-included offenses of first-degree murder, Woodrup necessarily completed these offenses in carrying out the first-degree murder.") (citations omitted).

¶ 11    Case law provides that the People are permitted to charge Defendant with first-degree murder and the lesser included offenses of first-degree assault and third-degree assault. *See Fontaine v. People of the V.I.*, 62 V.I. 643, 650 (V.I. 2015) ("[A]lthough it would be impermissible for Fontaine to be cumulatively punished for all offenses, he could lawfully be charged and convicted of first degree murder as well as any lesser included offenses."). Furthermore, there may be evidence in this matter to establish that Defendant committed a first-degree assault or third-

degree assault separate from the act required to convict for first-degree murder. *See e.g., Woodrup,* 63 V.I. at 710 n.4 (noting that there was evidence to establish that the defendant committed a first-degree assault separate from the act required to convict for first degree murder); *Phillip v. People of the V.I.,* 58 V.I. 569, 592 (V.I. 2013) ("The jury could have determined that Phillip assaulted James when he pointed a firearm at him in a threatening manner, and did so with the ability to injure him and kill him. Phillip could, therefore, be guilty of first-degree assault regardless of whether he missed or actually succeeded in killing the target of the assault."); *Simmonds v. People of the V.I.,* 59 V.I. 480, 489 (V.I. 2013) ("Based on the testimony of Stevens and Landron, the jury could reasonably find that Simmonds committed first-degree assault when he fired his first volley of shots from a distance — resulting in wounds only to Rouse's arms and buttocks — and then initiated a second first-degree assault when he moved closer to Rouse and shot him in the head, which transformed into a first-degree murder once Rouse died from those injuries.").[6] In this

---

[6] In *Simmonds,* the Virgin Islands Supreme Court explained:

> Simmonds also argues that it is legally impossible to simultaneously convict him of both first-degree murder and first-degree assault. Relying primarily on the common law and decisions of courts in other jurisdictions, Simmonds contends that the People may only charge a defendant with first-degree assault pursuant to section 295(1) of title 14[5] — assault with intent to commit murder — if the victim does not die from his injuries; according to Simmonds, upon death, the People may only charge a defendant with a homicide crime.
>
> However, we need not address Simmonds's concerns about the propriety of simultaneously charging and convicting a defendant of first-degree murder and first-degree assault for the same act. The information charging Simmonds with these offenses identified shooting Rouse with a firearm as the basis for the first-degree assault charge. (J.A. 21.) As explained above in the context of premeditation, the evidence introduced at trial, when viewed in the light most favorable to the People, established that Simmonds shot at Rouse two separate times. Based on the testimony of Stevens and Landron, the jury could reasonably find that Simmonds committed first-degree assault when he fired his first volley of shots from a distance — resulting in wounds only to Rouse's arms and buttocks — and then initiated a second first-degree assault when he moved closer to Rouse and shot him in the head, which transformed into a first-degree murder once Rouse died from those injuries. Therefore, since the evidence established that Simmonds committed a first-degree assault separate and apart from the one that resulted in Rouse's death, we decline to decide, as part of this appeal, the broader question of whether section 295(1) implicitly requires that the victim survive his injuries.[6]

---

[5] Section 295, which codifies the offense of first-degree assault, making it a felony if a person:

> (1) with intent to commit murder, assaults another;

instance, the affidavit of Detective Salim Ross stated that the deceased victim "had what appeared to be multiple gunshot wounds about the body" and several spent shell casings were observed on his body and cloth and on the western side of the main office. (Ross Aff. ¶ 5A.) Thus, depending on the evidence presented at trial, the jury could reasonably find that Defendant committed a first-degree assault or third-degree assault separate and apart from the one that resulted in the victim's death. Given that Defendant could be lawfully charged and convicted of both first-degree murder (Count I) and the lesser included offenses of first-degree assault (Count II) or third-degree assault (Count III), the Court finds that the appropriate remedy here is to leave both Count II and Count III in place and exercise the appropriate remedy should the need arise at sentencing. *See Roberts v. People of the V.I.*, 2022 V.I. Supreme LEXIS 14, at \*31-32 (V.I. 2022) ("In *Titre*, we abrogated the former merger-and-stay rule and decided that vacatur of ancillary convictions as well as their accompanying sentences, which emanate from crimes completed in a single transaction, was the best remedy for the Virgin Islands.").

## CONCLUSION

Based on the foregoing, it is hereby:

---

(2) with intent to kill, administers or causes to be administered to another, any poison or other noxious or destructive substance or liquid, and death does not result;

(3) with intent to commit rape, sodomy, mayhem, robbery or larceny, assaults another ... shall be imprisoned not more than 15 years[.]

14 V.I.C. § 295. Thus, the plain language of the statute precludes simultaneously charging and convicting a defendant of both first-degree murder and first-degree assault if the assault charge is brought pursuant to section 295(2).

[6] We recognize that the Virgin Islands Code defines assault as "attempt[ing] to commit a battery" or "mak[ing] a threatening gesture showing in itself an immediate intention coupled with an ability to commit a battery." 14 V.I.C. § 291; *see Ambrose v. People*, 56 V.I. 99, 103-04 (V.I. 2012). Thus, Simmonds could have also completed an assault simply by pointing the firearm at Rouse. *Phillip v. People*, 58 V.I. 569, 2013 V.I. Supreme LEXIS 28, 2013 WL 3293904, at \*11 (V.I. 2013). However, the information identified the act of actually shooting at Rouse as the basis for the first-degree assault charge. (J.A. 21.)

*Simmonds*, 59 V.I. at 488-89.

**ORDERED** that Defendant's motion to dismiss, filed on June 17, 2022, is **DENIED**.

**DONE and so ORDERED this** ____ **day of September, 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II
Dated: ___9/19/2022___

_____
HAROLD W.L. WILLOCKS
**Administrative Judge of the Superior Court**

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
September 19, 2022 04:44 PM
SX-2022-CR-00128
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

People of the Virgin Islands v. Timothy Perez

Case Number: **SX-2022-CR-00128**
Charges: **14 V.I.C. 922(a) - Murder 1st Degree**
**14 V.I.C. 295(1) - Assault 1st. Degree With Intent To Commit Murder**
**14 V.I.C. 297 - Assault Third Degree**
**14 V.I.C. 625 (a) - Reckless Endangerment In The 1st Degree**
**14 V.I.C. 2253 - Unauthorized Possession of a Firearm**
**23 V.I.C. 479(a) - Illegal Discharge of a Firearms**
**14 V.I.C. 2256(a) - Possession Or Sale Of Ammunition**

## NOTICE of ENTRY
## of
## Memorandum Opinion and Order

**To:** William A. Appleton, Jr. Esq.                Ramiro Orozco, Esq.

**Please take notice that on September 19, 2022 a(n)** _____ **Memorandum opinion and Order** _____ **dated** _____ **September 19, 2022** _____ **was/were entered by the Clerk in the above-titled matter.**

**Dated:** **September 19, 2022**

**Tamara Charles**
**Clerk of the Court**

By:

**Janeen Maranda**
**Court Clerk II**